We have three matters on for this afternoon, and the first is number 15-2274, Singh v. Attorney General. Mr. Shagan? Yes, Your Honor. Good afternoon. I'd like to reserve three minutes for a bite. That's fine. Craig Shagan for Petitioner Kapreet Singh. This is an important case, obviously for my client, but also for the Immigration and Criminal Defense Forum. May I ask a question first before you get into the important part of your case? If JWH-122 was not federally controlled at the time of the violation, and we don't have to get to the other issues, right? Well, I think that's true, and there were several, there was a long chain of legal imagination, I think, to have my client found deportable. JWH-122 was not a federal controlled substance at the time of the violation. But wasn't there a correspondence to something that was called JWH-0118? That's correct. Does that change your argument? No. The way this, as I understand, the placing of the schedules occurred, Pennsylvania did not include JWH-122 on its schedule by name until after my client's conviction, not only after the violation, but after the conviction. There was another substance, which the BIA said was an analog. I didn't find, and you always wonder if there's something out there that you're missing, but I couldn't find a case that said JWH-122 was an analog. It was argued that it was, but there was never a fact hearing on that. I don't think it matters because at the time of the violation, it was not a federal controlled substance, even if it was a state controlled substance. So there's doubt that it was a state controlled substance. There's certainty that it was not a federal controlled substance in November 2011, which is when the violations occurred. Thank you. And so all of that highlights to me the importance of what we're faced with as counsel. Why don't you respond, if you would, to the government's assertion that the Moncrief decision from the Supreme Court puts a burden on your client, a burden to show, well, here's how they put it in their brief, their answering brief, that there's a realistic probability, not a theoretical possibility, that the state would apply its statute to conduct that falls outside the generic definition of a crime. Okay, so allow me to address that a couple of ways. This came up in Rojas before this court en banc, and the question at that time was, if you're determining, what would you have to prove to prove that the substance is on the federal controlled list? And in Rojas, the court said, well, although we don't quite see it as a categorical versus a modified categorical, you prove that the same way you prove anything else. You go to the Taylor documents, and you look to see what's in the Taylor documents. Now, the idea of a realistic probability comes up with the fuzzy language of comparing an enabling statute under the immigration law with the myriad of statutes that are out there or case law that's out there that define what a common law crime is, like theft. Your point is that my grief was directed at common law crimes where the generic crime might be tough to figure, but doesn't really have application when we're talking about something as specific as these statutory schedules? Correct, because the statutory schedules, there's nothing fuzzy about them. This substance is prohibited. That's it. Well, I guess there's something fuzzy to the extent that you get to analogs, but we're not arguing that here. It wasn't even listed on the federal schedule at that point. It wasn't at law. So what are you looking for in the end? Are you looking for a remand, or do you want us to decide the case under the modified categorical approach? I'm sorry. Great. Or do you want us to counterman Ferrera? I'm sorry? The matter of Ferrera? Oh, yes. Do you want us to counterman that? Do we need to go that far? Yes. Well, what I would like is I would like, first of all, the appeal to be sustained and the finding of the aggravated felony dismissed, terminated. The exact same reasoning will also apply to a crime relating to a controlled substance. So on those two issues, I think the arguments we've presented are capable of being resolved. When you say a crime pertaining to a controlled substance, are you talking about the other – there were initially three bases put in the notice to appear, and the IJ, I think, just looked at the A2A3 and the A2A1, and by the time it got to the BIA, it was just A2A3. So if you end up going back, I guess I should ask you this. Even if we agreed with you, do we need to send it back because that notice to appear contained two other grounds for removability? Unfortunately, I think the answer to that is yes. But the reason why I really want to urge an opinion, and also that you deal with Ferrera, is I think Ferrera is a direct contradiction not only of Jean-Louis, but also of Rojas, because you're placing the burden on the respondent to prove – how does he prove the probability of a conviction on one of the unrelated contrabands? That is an unfair burden to place on him, and it's contrary to our law. But more importantly, and this is – I can't urge this enough. There is not – literally a week that goes by when we're not asked to opine as to the immigration consequences of a criminal conviction. We're asked by defense counsel. We're asked sometimes by prosecutors. I've even been called in as a witness in court. How do I give an opinion as to what the immigration consequences of a criminal conviction is when I'm constantly confronted with what I perceive to be shifting ground before the immigration court and the To put it plainly, I think they look at our work as cheating death and that we're not supposed to be doing that. They don't have discretion. They don't have the ability to give discretion based on the statute except in limited circumstances. And when they perceive that somebody is getting – is entering into a negotiated plea or a plea bargain that bypasses the immigration consequences of that plea, that somehow that's cheating the system. Well, hold on to that thought for just a moment if you would Mr. Shagan. I'm curious – part of your argument is the modified categorical approach should have been applied, not the categorical approach. And if you apply a modified categorical approach, there's these separate documents that should have been – and only those should have been looked at, right? Yes, the tailored documents. All right. They come back and say, he's put in this stipulation. That's not a – that's not a Shepard document. That's some after the fact musings of a couple of lawyers. You can't even look at that. Is their argument accurate in light of your own assertion that we are limited to those very narrow categories that are noted in Shepard? No, I don't think so. Because I think the purpose of that document was to explain to the immigration court what it meant, just what the document meant. Not what happened in the criminal conviction, but what that form document paragraph 43 meant and that they were reading it way out of context. And they also say, well, we are looking at the answer to question 42 for a non-Shepard purpose too, right? They make the argument in their brief that when you look at 42, that no answer, that really just helps you understand – excuse me – that just really helps you understand that what was happening here was an adoption, an acceptance of a factual foundation that he ought not be allowed to escape from. What's your response to that? Well, even if that factual allegation was true, first of all, I don't think that's what the structure of the documents was. And he pled specifically to a state counterfeit substance, not a federal controlled substance. However, even if you pierce through that and you get to the JWH 122, it was at the time not a controlled substance under federal law. And the immigration judge would say, yeah, but immigration laws are retroactive. That's not a question of retroactivity of the immigration laws. That's a question of retroactively finding a federal conviction. To me, that was mind-boggling. And I think what it goes to is this almost case law within the immigration system that is to some degree in contradiction to Padilla and Malouli, which now says, yes, enter into these negotiated pleas, counsel. That's what you're supposed to do. Does Malouli give them the hook they perceive it does to get this in front of us, the admission regarding the specific substance, JWH 122? Well, I don't see how. I mean, I don't see why the plea is not taken at face value. The plea at face value is it was to a Pennsylvania counterfeit substance, not a federal controlled substance. Why are we piercing through that? What are we looking for? And why are we looking for it? Are we looking for it because we're being intellectually honest and we just want to know what happened? Or are we looking for it with the purpose to try to create a deportable order so you don't come back again with a structured plea that could possibly avoid the immigration consequences? And this is candidly a fear that, I mean, how do we do our job? How do you tell a family that is now facing a choice? Go to trial and possibly win? Take the plea and possibly spend two years while we fight this case because the immigration system is not going to recognize that plea. It's going to pierce through it. Let's get Mitch Chapman up and see if there's anything that maybe in the future that allows us a way out. Okay. Thank you, Your Honor. Good afternoon. May it please the Court, Elizabeth Chapman, I represent the Attorney General. The question at the outset is, it appears, do you acknowledge that the BIA was wrong to analyze Mr. Singh's case under the categorical approaches in light of Rojas, Abbott? The government is asking... I think you should give me the opinion on Abbott. I shouldn't do that because people say, well, you brought this up a minute ago. Tell me what the issue was. The government is asking for a remand so that the Board can make that determination. I'm sorry? Why do you need a remand to do that? That's the big question that's puzzling me. We had a case. We had the issue that should have been joined. You made a motion for a remand. That was denied. You filed a brief and your brief made two arguments which were, in essence, here's one reason you should remand and here's another reason you should remand. And you never seem to address the merits. So I guess I've got two questions. One, does that mean you really just don't have a merits argument and you ought to just confess error? And two, have you waived any merits argument because even when asked to file an answering brief, you came up with nothing on the merits? As far as the first argument, the government's not conceding there's an error because the INA delegates to the agency the authority to interpret the INA. I'm sorry, Congress delegates that. But you've got the, in a couple of cases, you've got like Ferreira, which it's almost it's clearly in tension, if not completely contradictory to the Jean-Louis and then it's clearly in tension with Rojas and Abbott. I mean, it's almost like there's a different set of laws here. The board decided Ferreira after Jean-Louis and there could be a theory in the board that Ferreira and Jean-Louis do not conflict. But a remand is necessary for the board to express that theory. But even if that's true, even if that's true, if you don't take on the merits, have you waived any merits argument? Yes, the government's not defending this case. Okay. The government's asking for a remand to allow the agency to reassess or to clarify its position. And why would we need the BIA to reassess its position when the law here, I'm struggling to find something new. You say the BIA should be able to address its own organic statute. But we're talking about the Controlled Substances Act, something that the BIA doesn't have any particular expertise in, right? Right, but administrative law recognizes the idea that the agency can re-evaluate or reassess its position without confessing error. And that's what we're asking the court to do, to allow the agency here to explain itself, to reassess its position. That is not contradicted by, it's supported by administrative law. But why would we, I'm struggling to understand, what is the efficiency in the system to send this back on a case which the government itself has now acknowledged in open court is indefensible? There's a position here, which they've taken, which is contrary to 3rd Circuit precedent. Potentially contrary. There could be an argument by the board that it's not contrary. Apparently you haven't come up with it, right? I'm sorry? Apparently the government hasn't been able to figure out what it is because it's not in your brief. There's nothing, there's not even a hint of a basis. So, by the same token where you said there ought to be more than a theoretical possibility, something out there in the air, a la Moncrief, why should we send this back because maybe there's something that somebody at the BIA could possibly come up with when the good minds at the Department of Justice haven't come up with anything? Well, it's not our job to come up with a legal theory. Don't feel alone, we're with you, because we can't come up with anything either. Yes, I mean, it's not our job to come up with a legal theory. It's our job to defend the board's determination and here, that's why we're asking is, if there is a theory to allow the board to express it, and this court could then review it de novo. And secondly, you have brought up, even if the court would like to decide that issue right now, we respectfully request that the court remand the remainder, the modified categorical analysis and the additional grounds of removability. And as you brought up earlier, a remand in this case is inevitable, because the issues before the courts are not dispositive of Mr. Singh's removability. So you asked about the judicial economy here. Remanding this court, remanding this case now, on the analysis, there's going to be a remand for additional agency analysis. That's inevitable. Yeah, I'm still struggling with what you think the agency has in the way of expertise on the Controlled Substances Act. Would you acknowledge that the agency has no particular expertise on that area of law? On the Federal Controlled Substances Act? Right. Or the Pennsylvania Controlled Substances Act. Certainly not on the Pennsylvania Controlled Substances Act. But this court has recognized in Gallimore that even where an agency doesn't have specific expertise, the agency has a better perspective to take a holistic review of the case and how it impacts the filing. What holistic review is going to help you, Ms. Chapman, or the agency, or us, to understand how a drug which is concededly not on the schedule of federal controlled substances can be the basis for a crime retroactively? Well, it was a federally controlled substance when he pled guilty. That's not a question. How can that make it a crime when he committed the act? Are you suggesting that that's not a problem to say when you did this it was lawful, but by the time you got to court it was unlawful and that's a crime? Again, we're asking for a revamp to allow the agency to explain this position, but on this particular issue... Well, I'm asking you to explain it. Yeah, and the statute here, removability here is premised on a conviction. It's the government's position that the conviction controls, not the time of the offense, but the time of the conviction. How can you be convicted of something that isn't a crime, Ms. Chapman? The government is acknowledging this was not a crime at the time the man did what you said he did. It was not a federally controlled substance, but it was arguably a state-controlled substance. There's a way that you say it was arguably a state-controlled substance. Correct. Let's take it that it is a state-controlled substance. He at least admitted to it being a state-controlled substance. So we're not talking about whether it might be a basis for removal under a different statutory subsection contained in the notice to appear. But there's only one basis, and one only, on which the BIA acted, and that is the aggravated felony basis, right? That's correct. Okay. So would you not acknowledge that it is impossible to commit a crime which is not on the books? I mean, you can't be responsible and be held to have committed an aggravated felony for something that was not even a crime at the time when you committed the act. Is that not true? Is that not self-evidently true? He pled guilty to committing a crime. His plea is that at the time of his plea, it was a federally controlled substance. So perhaps there's an error with his conviction. When you say he pleaded that it was a federally controlled substance, quite the contrary. No, I'm sorry. At the time he pled, it was a federally controlled substance. And the documents, all of this goes to the plea colloquy, which incorporates the affidavit of probable cause and incorporates the complaint. I'm not understanding you. So are you saying it is possible to be guilty of a federal crime which only becomes criminal after you do the act for which you're charged? It appears that's the board's position. Yeah, but is that the position of the United States government?  That's the position we're defending. But that's why… Wow. I'm sorry. The position that we're defending is that this should be remanded to allow the agency to determine this and to reassess… To determine what? The matter of law as to whether you should apply the modified categorical approach? The matter of law as to whether you should apply the realistic probability test putting the burden on the plaintiff? It seems like… That's… That's what you're saying? I'm sorry. That this should be remanded for that purpose? Yes. Yes. Those are two legal questions. But the law is pretty clear. The law is clear as to what? The law is clear that you would apply the modified categorical approach. Correct. And the law seems to be quite clear that with the possible exception of Moncrief, which dealt with antique guns, that you would… The realistic probability test under Jean-Louis does not apply here and that the burden is on the government. Rather than on the plaintiff. I don't know that the law is as clear. There could be a theory, as I said earlier, that the board would like to express and it should be remanded to allow the board to express that theory to clarify its decision. I thought perhaps what you were saying is it should be modified categorical approach rather than a categorical approach with regard to what went on here but that we should remand it to the BIA to apply that modified categorical approach in the first instance. Well, I mean, and that is an issue because there is case law saying that the statute here is divisible and that it should be the modified categorical approach that was applied. The board didn't apply that and a remand should be in order here to allow the board to apply the modified categorical if the statute is in fact divisible. But then you come to Judge Jordan's question was if this was not, if the state law, this particular controlled substance under state law was not a controlled substance under federal law, do you even apply the categorical approach? Modified categorical approach, excuse me. Right, if the court were to determine that it wasn't that it wasn't a federal crime and that the relevant inquiry is the time of commission and not the time of the conviction, then you're right. Then there's no reason for the modified categorical but there would still be a need to remand for the agency to apply the, to determine whether he's removable under the CIMT charge. Would the government... I think I may have... Yeah, I'm sorry. ...expressed myself incorrectly when I was speaking to you. I'm sorry. Okay. Would the government be arguing that a Ferrara should be followed if we sent it back before the, to the BIA? Would the board be... No, would the government be arguing to the board that Ferrara should be followed? If it went back on remand. Right. I mean, the government would be arguing to the board either determine whether or not Ferrara is good law still or to not apply Ferrara. Either. I'm sorry. One of the two. Good law or both. Either Ferrara could be applied or it can't. If it could be applied, the board needs to express how it's still, how it can be reconciled with Jean Louis. And if Ferrara can't be applied, then the board cannot apply Ferrara, cannot apply the realistic probability tests. And why shouldn't we make that determination here? The court may make that determination if it would like to. There are reasons, administrative law principles, to allow the agency to make this determination in the first instance. And that's up to the court. At one point, there's a statement in the BIA decision that, quote, the respondent's conviction record gave the immigration judge good reason to believe that the incense at issue in this case was a federally controlled substance at the time of his conviction, unquote. I'm just wondering where the good reason to believe standard comes from. What does that even mean? What are we to do with a, quote, good reason to believe standard that appears to have been applied by the BIA? Right, that's in a footnote and that's in relation to, I'm trying to remember, can you please tell me where in the decision, that's not in... It's on page 7 of the appendix. Right, now, I understand that the board was looking at those documents, not for the tailored shepherd purposes, but for the application of the realistic probability test. And I guess I'm trying to ask, what does, you know, where does, so does good reason to believe, you're saying that equates to reasonable probability in Montecrief, is that, did I understand you correctly? I don't know what to make of it, so I'm not, this isn't some gotcha question. I just, I don't know where it comes from, I don't know what it means. Can you shed any light on it? Unfortunately, I can't shed light on that. We're asking for the opportunity to reassess and re-clarify this position, the entire decision. So, that would be one more reason why remand would be appropriate, to allow the agency to shed light on that, or to correct any statement they have made that would have been incorrect. When you first made the decision that you would ask for a remand, what's behind, what's the reason for that? Because it appears what you, the type of remand you're asking for is significantly more restrictive than what your opposing counsel is asking for. We read a remand, a request for a remand on two bases. One is to remand the case in its entirety, so that the agency can clarify its position as far as Ferrer and Jean-Louis, if necessary. And secondly, if the court would like to rule on that determination, a remand for the agency to apply the modified categorical. The problem is that the board had before it, I believe, a cite to Rojas, and possibly Abbott as well, I can't recall, and yet the board chose to ignore that. I believe it's Jean-Louis would be the case here as far as you're addressing the problem. Jean-Louis and then Rojas. Right, and Jean-Louis does deal with the CIMT, whether it's a removable petitioner's counsel, of course, would be better versed in this, but it deals with the CIMT and its applying issue. Perhaps the board didn't apply the CIMT analysis to the aggravated felony analysis here. I don't know exactly why the board did what it did, and that's why we'd like a remand, so that the board can explain itself or reassess its own position. Any other questions? Okay, very good. Thank you. We'll hear from you in just a second. I just want to make a few brief points, and the most important one is this. If a matter of Ferreira is not obviate or dealt with, as I'm trying to think of the right word, it's not really overruled, but if it's declared not the law of the Third Circuit, if that doesn't happen, it will continue to be applied in York, and that's where the rubber meets the road. This practice is sometimes referred to as traffic court procedures with death penalty consequences, and what we're seeing is a very cavalier attitude about principles that get established up above, whether it's here or at the Supreme Court, they're being not applied directly below. What do you have in mind specifically, Mr. Shea? We're hearing from Ms. Chaman, look, you've got to send it back anyway, and you've acknowledged it's got to go back, right? There's the crimes involving moral turpitude basis that's got to be dealt with, there's conceivably another basis in the notice to appear, it's got to go back, and the government's position is just send the whole thing back, don't mess with it. What is it that we ought to say that you think is important to say that would warrant us issuing an opinion in something that both sides agree has to go back to the Board anyway? First, that the burden cannot be placed on the respondent or on the alien to prove that there's a probability of a substance prosecution. When you're dealing with substances, it's the government's burden to prove what it is. Second, you take the pleas as they are. You don't dig underneath the plea to try to find an order of removability. A negotiated plea is a negotiated plea that doesn't matter that it was done to avoid the immigration consequences because the Supreme Court has told us all competent counsel must do that. That's what we're supposed to do, and that conflict is real. And so when we're there, if we're perceived as entering into a plea that is designed to avoid the immigration consequences, it puts a taint on the very record that we're going forward on. And I think that's very detrimental, keeping in mind that the vast majority of people who appear in immigration court, they don't have lawyers. There's no one there to help them out. So if you have a clear plea where they do have a lawyer at the criminal defense stage, that can have, hopefully, the judge would then take that and apply it as it is. But once you start trying to pierce through that and trying to find out the conduct that resulted in this conviction as opposed to what the conviction itself is for, then we have the problem that we have here. And so what I would like the court to do is expressly say why the BIA was wrong both in terms of it's the date of violation, not the date of conviction, that you take the plea at its face value, that when you're looking at documents to try to pierce through that plea, you should at least see what their actual use is for and not try to imagine that the purpose behind it is to have you admit to all the facts in an affidavit of probable cause. Judge Rickett has a question. Am I reading you correctly that not only do you wish us to address who has the burden, you claim that it was impermissibly shifted to the defendant or the petitioner in this case, but also I gather you don't think the realistic probability test makes any sense and should be jettisoned. Am I correct? That's absolutely correct. Because the idea of the BIA was done in the context of a lawyer arguing before the Supreme Court to try to expand the definition of a theft offense, the aiding and abetting activities of the theft offense. Well, he was giving examples that didn't exist. And so the Supreme Court rightfully said, hey, you know, you can't just come up with a theory, you have to come up with a reality that this could possibly happen. But if you have a substance that's listed as contraband, how is it not contraband? It says you can't sell this, you can't possess this. There's no fuzziness about that. And further, here if there's any legal imagination that was used, it was used by the immigration judges to find a portability. We weren't proposing any. And in fact, the plea that was entered, the plea of this is a Pennsylvania counterfeit substance, not a federal controlled substance, seems to me to be factually accurate. There was a question as to whether it was a Pennsylvania controlled substance. There was no question that it was a federal controlled substance. And that's if you pierce through the record and accept the facts as the immigration judge found them. So I'm very troubled by this case. And the trouble of it is not just what they said in this particular case, but it reflects the practice. And I'd like to the death penalty consequences I can't avoid. The traffic court procedures we can't. And I think an alien deserves in court a better reception than this towards the application of the laws articulated. Thank you very much.